UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN LEE REED                                                                                  PLAINTIFF
ADC #163636

V.                                          No. 4:23-CV-584-JM-BBM

JAMES SHIPMAN, Warden, Tucker
Max, ADC; JOE MCHONEY, Major,
Tucker Max, ADC; LESLIE MCDOWELL,
Lieutenant, Tucker Max, ADC; and
DEXTER PAYNE, Director, ADC                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   INTRODUCTION

On June 21, 2023, Plaintiff Kevin Lee Reed, a prisoner in the Tucker Maximum-Security Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitution rights. (Doc. 2). The Court conducted an initial screening of Reed's Complaint pursuant to the Prison Litigation

Reform Act ("PLRA") and noted several deficiencies.[1] (Doc. 8). Reed was given leave to file an Amended Complaint and placed on notice that an amended pleading would supersede his previous Complaint. *Id.* at 8 (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

On November 2, 2023, Reed filed an Amended Complaint. (Doc. 10). Accordingly, the Court will proceed with screening.

## II.  DISCUSSION

### A.  Plaintiff's Allegations

In his Amended Complaint, Reed alleges that, on September 27, 2022, he was sexually harassed by an inmate in his barracks associated with the "GoD gang." (Doc. 10 at 2). After he loudly complained about the sexual harassment, members of the GoD gang threatened to "jump" him, cut him, and attack him with a lock. *Id.* at 2–3.

Reed reported the threats to Defendant Lieutenant Leslie McDowell, who in turn brought the matter to the attention of Defendant Major Joe MaHoney. *Id.* at 3. In response, Major MaHoney directed that Reed's entire barracks be searched for drugs, and all inmates be drug tested. *Id.* at 3–4. Ten inmates "failed or refused [the] drug tests" and were "locked up." *Id.* at 4.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

Major MaHoney "proceeded to lock [Reed] up in Restrictive Housing Brrks 8." *Id.* at 3. As Reed was being escorted to the restrictive housing barracks, inmates "followed" Reed and blamed him for the impromptu drug testing. *Id.*

Since the alleged threats he received on September 27, 2022, Reed has been incarcerated in either the restrictive housing or isolation barracks. *Id.* at 4–5. He believes that, instead, he should have been granted protective custody or transferred to a different prison. *Id.* He further believes "in good faith that [his] sex change is the reason or main reason why the Warden has not given [him] protective custody." *Id.* at 5.

Reed alleges Defendants Warden James Shipman, Major MaHoney, and Lieutenant McDowell showed "deliberate indifference" and failed to protect him. *Id.* at 5, ¶ 15. He also names the Director of the ADC, Dexter Payne, as a Defendant. *Id.* at 1. According to Reed, Director Payne is "legally responsible for the overall operations of…Tucker Max Unit." *Id.*

He sues Defendants in their individual and official capacities. *Id.* at 2, ¶ 6. For relief, he seeks compensatory damages and a "preliminary and permanent injunction," ordering Defendants to restore his "Class 1 status" and place him in the "Step Down Program" barracks, so he may be transferred to a medium-security unit. *Id.* at 6, ¶ 18.

### B. Screening of Amended Complaint

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid

3

of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Reed's Amended Complaint fails to meet this burden.

Reed's primary claim in his Amended Complaint is that Defendants failed to protect him. "The Eighth Amendment binds prison officials to take reasonable measures to guarantee the safety of inmates," which includes the duty to "protect prisoners from violence at the hands of other prisoners." *Reeves v. King*, 774 F.3d 430, 432 (8th Cir. 2014) (citations and internal quotations omitted). To state such a claim, Reed must allege facts sufficient to support two showings: (1) that there was an objective risk of harm to him; and (2) that Defendants were deliberately indifferent to that risk. *Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021).

Reed alleges he was objectively at risk of harm or danger on September 27, 2022, when members of the GoD gang threatened to assault him, and other inmates in his barracks blamed him for being drug tested. However, by Reed's own account, Lieutenant McDowell took reasonable measures to abate that risk by reporting the incident to Major MaHoney. And, Major MaHoney took reasonable measures to abate that risk by placing Reed in restrictive housing. These actions do not show a deliberate indifference to Reed's alleged risk of harm; they, in fact, show that proactive measures were taken to separate Reed from that risk. Thus, Reeds fails to state a claim against Lieutenant McDowell and Major Mahoney for failure to protect under § 1983. *Id.*

Reed's only allegation regarding failure-to-protect against Warden Shipman is that the Warden refused to place him in protective custody. (Doc. 10 at 4–5). Reed does not explain how his alternative placement in restrictive housing and, later, in isolation, was not

4

enough to protect him from the risk of violence from the inmates in his former barracks. As such, Reed fails to allege facts sufficient to state a claim against Warden Shipman for failure to protect under § 1983. *Axelson*, 999 F.3d at 546.

To the extent Reed seeks to bring an equal protection claim, his baseless suspicion that the Warden denied him protective custody because of his sex change, fails "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, to the extent that Reed seeks to raise a due process claim by making passing reference to his "Class 1 status," it is well settled that prisoners do not have a constitutional right to a particular classification. *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990); *Sanders v. Norris*, 153 F. App'x. 403, 404 (8th Cir. 2005) (collecting cases).

Finally, Reed cannot maintain his claim against Director Payne based on mere allegations that the Director is "legally responsible" for the Tucker Max Unit. (Doc. 10 at 1). "It is well settled that *respondeat superior* is not a basis for liability" under § 1983; and the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). As such, Reed fails to state a claim on which relief may be granted against Director Payne.

## III.    CONCLUSION

Reed's Amended Complaint fails to allege facts sufficient to state a viable constitutional claim.

IT IS THEREFORE RECOMMENDED THAT:

1. Reed's Amended Complaint (Doc. 10) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted;

2. This dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022); and

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE